Dear Mr. Wimberly:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Acadia Parish Police Jury, you have asked for our opinion regarding whether the Acadia Parish Police Jury can utilize funds for the hard surfacing of a road that appears to run along a boundary between Acadia Parish and St. Landry Parish.
Your request indicates that the funds in questions are derived from tax revenue dedicated for the purpose of road improvements. Specifically, you indicate that in June of 2006, the Acadia Parish Police Jury authorized the sale of five million dollars in bonds for the purpose of repairing, constructing, and improving Parish roads and bridges in the unincorporated areas of the parish identified by the parish engineer and memorialized in the Phase III (B) Priority List. One of the roads identified in the priority list, Joshua Road, is a gravel/aggregate road that appears to run along the boundary between Acadia and St. Landry Parish.
Your request goes on to indicate that Joshua Road was adopted into the Acadia Parish Road System in 1983 and Acadia Parish has consistently maintained Joshua Road for the past twenty-four (24) years. You further assert that for the past three (3) years, St. Landry Parish has not provided any maintenance or contribution for the upkeep of Joshua Road.
Specifically, you ask for our review and consideration of the following questions:
 1. Has Joshua Road become an Acadia Parish Road by virtue of the maintenance performed by the Acadia Parish Police Jury, without objection from St. Landry Parish, for the past twenty-four (24) years? *Page 2 
 2. Does La.R.S. 33:3691 (B) provide a statutory basis for Joshua Road being an Acadia Parish road, following twenty-four (24) years of continuous maintenance?
 3. Can Acadia Parish legally expend funds, derived from tax revenue dedicated for road improvements, to repair, construct and improve Joshua Road?
With respect to your first question, our research failed to reveal any provision of law which would cause Joshua Road to become an Acadia Parish Road by virtue of the maintenance performed by the Acadia Parish Police Jury for the past twenty-four (24) years. The only provision of law which remotely addresses the question presented appears to be Louisiana Revised Statute 48:491 (B)(1), which provides:
 "All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property".
Nevertheless, in our view, La.Rev.Stat. 48:491 (B)(1) is inapplicable to present case inasmuch as Joshua Road is already considered a public road.
With respect to your second question, Louisiana Revised Statute33:3691 provides the following:
 A. Whenever one or more roads or streets are located partially within the boundaries of two adjoining parishes, and outside of any municipality, the governing authority of either parish, with the consent of the governing authority of the other parish, may construct, pave, surface, or otherwise improve, together with the necessary curbs, gutters, aprons, drains, and headers, such streets or roads or any part thereof at such time or times as they determine. The governing authority which performs work authorized by this Section may levy and collect local or special assessments on the real property abutting such improvements sufficient in amount to defray the total cost of said work, including street intersections, all in the form and manner and subject to the limitations and restrictions provided in R.S. 33:3689.1 through 3689.19 except for the following provisions:
 (1) The governing authority of each parish must approve the notice of intention to improve such roads or streets by resolution or ordinance.
 (2) The governing authority proceeding under this Section may exclude from the description of property abutting streets or roads to be improved *Page 3 
any lot or parcel found not to be benefited by the proposed improvement, including wetlands determined by said governing authority to be not reasonably subject to development.
 (3) The ordinance levying the local or special assessments must be recorded in the mortgage records of each parish.
 (4) The assessments shall be at such rates as may be set forth in the ordinance levying the local or special assessments.
 (5) Any paving certificates shall be issued subject to the provisions of Chapter 13 of Title 39 of the Louisiana Revised Statutes of 1950 and the provisions of that Chapter shall be controlling in the event of any conflict with the provisions of R.S. 33:3689.1
through 3689.19.
 B. Any parish which performs work on streets or roads pursuant to this Section, with the approval of the governing authority of the adjoining parish, may include such streets or roads in its road system and shall thereafter treat such streets or roads as streets and roads of the parish performing the work.
Our reading of La.Rev.Stat. 33:3691 does not reveal any authority or basis for Joshua Road being an Acadia Parish road following twenty-four (24) years of continuous maintenance. However, pursuant to statute, Acadia Parish may construct, pave, surface, or otherwise improve Joshua Road, provided it obtains the consent of St. Landry Parish. Also, pursuant to this statute, Acadia Parish may levy and collect local assessments in an amount sufficient to defray the total cost of said work and may include Joshua Road in its road system.
With respect to your third and final question, La.R.S. 39:704 provides as follows:
§ 704. Proceeds of special tax
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used.
Accordingly, as long as the proposed use of funds complies or is in accord with the objects and purposes for which the tax was levied, the expenditure is acceptable. Your request indicates that the funds in question were derived from tax revenue dedicated for the purpose of road improvements. It appears that your proposed use complies with the objects and purposes for which the tax was levied. As such, we believe Acadia Parish may legally expend funds to repair, construct and improve Joshua Road. *Page 4 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
CHARLES C. FOTI, JR.
Attorney General
BY:_______________
MICHAEL J. VALLAN
Assistant Attorney General